# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FAITH B., | : | |
|                 Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 22-2313 |
| | : | |
| PENNSBURY SCHOOL DISTRICT, | : | |
|                 Defendant | : | |
| | : | |

## STANDING ORDER

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS CASE AND MAY DIFFER IN SOME RESPECTS FROM THE LOCAL RULES. THE TERM "COUNSEL," AS USED IN THIS ORDER, INCLUDES PARTIES APPEARING *PRO SE*.**

**AND NOW**, this 14th day of June, 2022, in an effort to comply with Federal Rule of Civil Procedure 1's mandate "to secure the just, speedy, and inexpensive determination of every action," it is hereby **ORDERED** as follows:

**I.      SERVICE**

    A.  <u>This Order.</u>

        Counsel for Plaintiff(s) shall serve this Order immediately on all Parties and/or their Counsel, including any new parties to the action. If this case was removed from state court, Defendant(s) who removed the case shall serve this Order on all other parties.

    B.  <u>The Complaint.</u>

        Plaintiff(s) shall serve the Complaint expeditiously in accordance with Federal Rules of Civil Procedure 4 and 5. Any Defendant not timely served under Rule 4(m) shall be dismissed from the action without prejudice.

**II.     ELECTRONIC FILING**

In accordance with Local Rule 5.1.2, I require that the Parties file electronically all documents via Electronic Case Filing.  The Parties shall file all stipulations and proposed orders on the docket via ECF.  Stipulations and proposed orders should **not** be delivered to the Clerk of Court.

**III.    ASSIGNMENT TO MAGISTRATE JUDGE**

The Parties may consent to have a magistrate judge preside over all proceedings, including trial.  See 28 U.S.C. § 636.  The consent form is available on the Court's website at http://www.paed.uscourts.gov/documents/handbook/forms/app_q1.pdf.

**IV.    PRELIMINARY PRETRIAL CONFERENCE**

Pursuant to Rule 16, a Preliminary Pretrial Conference shall be held in Chambers as soon as practicable after a responsive pleading to the Complaint is filed.  Lead Counsel shall attend the conference, be familiar with all aspects of the case, and have full authority to negotiate an amicable settlement.  Counsel shall be accompanied by his or her client, or, in the case of corporate parties, a representative with full settlement authority (and, where applicable, an insurance representative with full settlement authority).  Requests to appear telephonically will not be granted.

**V.     DISCOVERY**

A. Discovery Disputes Should Generally Be Settled by the Parties.

Discovery shall begin as soon as possible.  I am not inclined to grant any extensions respecting the discovery or other case-related deadlines.  In ordinary circumstances, I expect that discovery will be well underway by the date of the Preliminary Pretrial Conference.

I expect Counsel to comply with the Federal Rules of Civil Procedure and all Local Rules respecting discovery. In accordance with Rule 1 and the conciliation requirements of Local Rule 26.1(f), Counsel shall make reasonable efforts to resolve discovery disputes among themselves in an expeditious and professional manner. Before bringing a discovery dispute to my attention, Counsel must certify that they have made a reasonable effort to resolve the dispute.

Counsel shall bring any unresolved discovery disputes to my attention as soon as possible. Counsel shall email a brief letter describing the dispute to Chambers (Chambers_of_Judge_Paul_S_Diamond@paed.uscourts.gov) and attach the disputed discovery request as an exhibit. Unless otherwise ordered, discovery will not be stayed while any motion is pending, including any motion to dismiss and/or motion for protective order. Ordinarily, I will schedule a telephone conference to resolve the discovery motion promptly after it is filed—usually before any response is due.

If a dispute arises during a deposition, I expect Counsel to phone Chambers during the deposition so that I can resolve the dispute immediately.

B. Objections to Rule 34 Discovery Requests

In objecting to a discovery request served under Rule 34, the Parties shall "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Id. 34(b)(2)(C). General objections will rarely be appropriate and may be punished by the imposition of sanctions.

C. Length of Discovery Period and Deadline Compliance.

The complexity of the case will dictate the amount of time allowed for discovery, which I will determine at the Preliminary Pretrial Conference.  Generally, 30 to 75 days will be sufficient time for discovery unless the case is complex or otherwise out of the ordinary.

I look unfavorably on attempts to ambush opposing Counsel with the production of evidence or witnesses past the applicable cutoff date in the Case Management Order.  I take these dates seriously and expect Counsel to do so as well.

D.  Accidental Disclosure of Privileged Material

Before the Preliminary Pretrial Conference, the Parties shall enter into a written clawback agreement stipulating to the treatment of privileged information accidentally disclosed in connection with the litigation pending before the Court.  Fed. R. Evid. 502(e); see also Fed. R. Civ. P. 26(b)(5)(B).  By and through this Order, any privileged communications or materials covered by the clawback agreement shall be protected to the extent permited by law.  Fed. R. Evid. 502(d).  The Parties shall file the signed clawback agreement on the docket along with their Rule 26(f) Memorandum **no later than seven days** before the Preliminary Pretrial Conference.

VI. **MOTIONS PRACTICE**

A.  Length and Format of Motion Papers.

All motion papers must be double-spaced and prepared in 14-point, Times New Roman font, with margins of not less than one inch.  Supporting memoranda of law shall not exceed twenty-five (25) pages (exclusive of table of contents and table of authorities), and replies shall not exceed twelve (12) pages.  Declarations and affirmations shall be

limited to twenty (20) pages each.  I will grant Parties leave to exceed these page limits only upon a showing of good cause.

B.  Reply, Sur-reply, and Supplemental Briefs.

Unless otherwise ordered, I will accept reply or supplemental briefs, but normally will not await a reply brief before ruling.  All reply briefs must be submitted within fourteen (14) days of the response brief unless otherwise ordered.  All sur-reply briefs must be submitted within seven (7) days of the reply brief.  Reply and sur-reply briefs shall not include declarations or exhibits.

C.  Rule 56 Motions.

When moving for summary judgment pursuant to Federal Rule of Civil Procedure 56, the moving party shall file a separate, short, and concise statement of material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.  Failure to include a statement of material facts may constitute grounds for denial of a motion for summary judgment.

The non-moving party shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party.

Statements of material facts in support of or in opposition to a motion shall include specific supporting record cites.  All material facts set forth in the statement required to be served by the moving party may be deemed admitted unless controverted by the opposing party.

D.  Emailing of Proposed Orders.

I do not require the Parties to submit proposed orders with motions to dismiss or motions for summary judgment.  If a Party files a motion with a proposed order, he or she

shall email a copy of the proposed order, in Microsoft Word format, to Chambers_of_Judge_Paul_S_Diamond@paed.uscourts.gov on the day the motion is filed.

E. Mandatory Chambers Copies.

Unless otherwise ordered, a copy of all papers filed with the Court shall be delivered to Chambers **no later than** **12:00 noon the following business day**. Chambers copies shall be printed single-sided on opaque white paper of high quality.

If documentary evidence in support of or in opposition to a motion exceeds 50 pages, the evidence shall be delivered to Chambers in hard copy. The documents shall be placed in a three-ring binder, with an index and with each item of evidence separated by tab dividers on the right side. In addition, Counsel shall provide a flash drive containing the documents in a single, OCR-scanned PDF with each item of evidence separated by labeled bookmarks. Counsel shall ensure that all documents are legible.

Parties need not submit courtesy copies of cases that are available on Lexis or Westlaw with their motion papers.

F. Oral Argument.

I generally will not require oral argument on motions.

VII. **TRIAL PRACTICE**

A. Scheduling of Cases.

I will schedule a trial date immediately following the Preliminary Pretrial Conference.

B. Conflicts of Counsel.

If Counsel become aware of professional or personal conflicts that may affect the trial schedule, they shall notify the Civil Deputy or my Law Clerks immediately.

C. Trial Date Extensions.

I am extremely reluctant to grant continuances of trial dates.

D. Stipulations of Counsel.

Counsel shall agree upon or stipulate to as many matters as possible before trial.

E. Order of Proof.

I require Counsel each day to inform the Court and opposing Counsel of the witnesses he or she expects to call the next trial day.

**VIII. CONTINUANCES OR EXTENSIONS OF TIME**

Requests for continuances and extensions will generally not be granted. A motion to continue or extend the date of any matter or deadline must be supported by a detailed declaration demonstrating good cause for the continuance. The motion must also indicate whether there have been previous requests for continuances or extensions and whether I have granted or denied those requests.

Counsel shall include proposed orders when requesting continuances or extensions. Counsel must submit any request for a continuance or extension **no later than five (5) business days** before the scheduled date. **Requests submitted after that time shall be denied** absent a showing of compelling circumstances (e.g., serious bodily injury or illness). **All requests must be filed via ECF.**

Any late filing may be docketed only with leave of Court and upon a showing of good cause. Counsel shall file a motion for leave to file out of time, supported by a declaration demonstrating good cause, and shall attach the late filing as an exhibit.

**IX.    COMMUNICATION WITH LAW CLERKS**

I permit Counsel to speak with my Law Clerks on scheduling and procedural matters only.

**X.    CASES ON APPEAL**

I expect to receive a courtesy copy of any briefs filed in appeals from my decisions.

**COUNSEL ARE REMINDED THAT RULE 1 REQUIRES THE PARTIES TO WORK WITH EACH OTHER. OBSTRUCTIVE CONDUCT MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

                                        **AND IT IS SO ORDERED.**


                                        *s/Paul S. Diamond*
June 14, 2022                            Paul S. Diamond, J.